# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE POLANSKY M.D., M.P.H., et al.** <br><br> v. <br><br> **EXECUTIVE HEALTH RESOURCES, INC., et al.** | **CIVIL ACTION** <br><br> **NO. 12-CV-4239** |

## MEMORANDUM AND ORDER FOR MODIFICATION OF PROCEDURES, FILING OF DISPOSITIVE MOTIONS, AND LIMITED DISCOVERY

**Baylson, J.**                                                                                                                                       **June 26, 2019**

      The background of this False Claims Act case has been set forth in numerous memoranda and orders since the case was transferred to the undersigned over two years ago. The Court held a hearing on June 24, 2019 reviewing a number of issues and this Memorandum and Order will reflect the pending matters and the Court's decision on further procedures designed to, expeditiously but fairly, come to a decision as to whether any dispositive motions should be granted and if not, schedule a bellwether trial as previously ordered by the Court with agreement of both parties.

      Earlier this calendar year, the United States, as the ultimate beneficiary of this case, indicated an intention to seek dismissal of the case. The Court then imposed a stay of discovery to allow the parties to negotiate with the Government and/or with each other. The Court played no role in these discussions.

      As a result, the following occurred. Relator filed a "Partial Dismissal" where it informed the Court that, with the consent of the Government, it would seek to prove liability and recover damages only for EHR inpatient certifications that met a new set of "narrowing criteria." Apparently with the help of an expert, Relator then unilaterally selected 87 cases, later increased

to 104 cases, that Relator intended to proceed on in discovery, and incorporated the narrowing criteria in paragraphs 364 and 379 of the proposed Third Amended Complaint.

Although this proposal would necessitate a negation of the extensive procedures that the Court had previously ordered to constitute "Phase I" of this case, no motion was filed with the Court to request a modification of the existing discovery on the 444 case universe. In Relator's opposition to the Defendant's Motion to Dismiss the Third Amended Complaint, Relator explains in some detail how Relator chose cases to become the "universe" for the bellwether trial, notwithstanding the Court orders specifically establishing 444 cases as that "universe." (ECF 442 at 17-20.) This explanation reflects only one way of meeting the Government's narrowing circumstances. Relator, at no point, gives any reason for not seeking Court approval to change this "universe" of cases for the bellwether trial. Relator's undertaking this process without Court approval was unauthorized, and may have significance in future Court rulings in this case.

The Court ordered that Relator's proposed Third Amended Complaint be filed and that Defendant file a Motion to Dismiss to provide a basis for the Court to rule, to the extent possible, under established precedent, on legal issues presented.

Defendant's Motion to Dismiss the Third Amended Complaint raised a number of issues, but did not specifically complain about Relator's unilateral abrogation of the 444 case procedures that had been adopted as to which discovery had been basically completed, except for the possibility of some depositions.

The Government then filed its proposed narrowing of the case for the Court's benefit. The Court then observed some ambiguities and requested the Government to clarify its intent. At the hearing on June 24, 2019, the Government explained further its understanding of the

"narrowing criteria" it had adopted, which Relator apparently accepted as the "condition" of proceeding with the case with the Government abandoning its intent of dismissal.

At this hearing, the Court ascertained at least one contradiction between Relator's interpretation of the narrow criteria and the Government's. It is not necessary at this time to resolve that contradiction.

The Defendant has expressed an opposition to abandoning the procedures using the 444 cases, as the "universe" for Phase I.

Relator also appears to be proceeding under what has been referred as to "time based standards" which Relator contends are inherent in long-standing and accepted interpretations of Medicare regulations, contained in a manual, which may have consequences in future rulings by this Court in this case.

After extensive briefing, the Court has decided to deny the Defendant's Motion to Dismiss the Third Amended Complaint. This conclusion is necessitated by at least three circumstances:

1. Judge O'Neill's decision denying a Motion to Dismiss the Second Amended Complaint, with very similar allegations, which must be construed in the light most favorable to Relator, under Rule 12;

2. The fact that the United States, as the ultimate beneficiary of the Plaintiff's case, if it is successful, although having contemplated moving for dismissal of the entire case, has since agreed that the Plaintiff's claims, if narrowed to certain specific limited categories of claims, should be allowed to proceed;

3. There exists an entirely separate set of claims by Plaintiff concerning the "two midnight rule" which was instituted by CMS as of October 1, 2013, but has only been subject to very little discovery.

The Court has also noted that its great concern about at least two events, relating to the conduct of Plaintiff:

a) Apparently with advice of counsel, Relator determined to reduce the 444 cases that had been the subject of the court-ordered discovery, to 104 cases. Relator asserts the selection of cases was made randomly but the Defendant asserts that the Plaintiff "cherrypicked" these cases.

In any event this change in procedure was not presented to the Court for approval, but has resulted from Plaintiff's unilateral decision that, given the Government's narrowing of the claims, Plaintiff would determine the "universe" of cases that would be eligible for selection in a bellwether trial on the Phase I claims.

b) Plaintiff's failure to disclose a DVD containing approximately 14,000 documents, at least some of which are undisputedly relevant to the claims of this case—about which there were extensive proceedings earlier this year and which were the basis of this Court granting in part Defendant's Motion for Sanctions. No sanctions have yet been determined.

As a result of past events, of which the above is only a short summary, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss the Third Amended Complaint is **DENIED.** Defendant shall answer the Third Amended Complaint within 21 days, and shall state all affirmative defenses.

2. The parties shall forthwith embark on discovery on the "two midnight rule" under the supervision of Special Master Sandra Jeskie, Esquire (see below).

3. A party may file a motion for summary judgment concerning the Phase I claims, no later than August 30, 2019. If such a motion is filed, responses shall be due within 21 days and a reply brief can be filed within 10 days thereafter. Counsel shall note this Court's practice and procedure rules concerning summary judgment motions, including statements of undisputed facts, and responses, with record citations, etc. Opening briefs are limited to 25 pages. Reply briefs are limited to 15 pages.

4. If Defendant files for summary judgment as to Phase I claims, it is not necessary to debate the many factual issues that exist in this case, but to assert, assuming Relator's facts are correct, that nonetheless the moving party is entitled to judgment as a matter of law—i.e., that the law does not allow recovery to the Relator even if Relator is able to prove his factual assertions. This approach requires both parties to recognize CMS's rules and regulations as they exist, and to address whether they provide a basis for Relator to recover under the False Claims Act.

5. Sandra Jeskie, Esquire, having previously been appointed as Special Master for discovery is authorized to set specific dates for the following events:

    a. Completion of Phase I discovery, to determine from counsel what narrow issues remain and secure completion of any Phase I discovery as soon as possible.

    b. As to discovery under the "two midnight rule," the Special Master shall require written discovery to be served very promptly, that objections also be served very promptly, but no "boiler plate" objections be allowed, and that documents be produced within 30 days maximum. The Special Master shall attempt to resolve any discovery

disputes with counsel and, if necessary, make rulings in the form of a Report and Recommendation ("R&R") and this Court will consider any objections to the R&R as promptly as possible. The Court requests the Special Master, if feasible, to require the parties to complete this discovery no later than October 15, 2019. Dispositive motions shall be filed within fourteen (14) days of completion of discovery.

        c.       The Special Master shall also undertake consideration of the Defendant's Motion to Compel the Government to allow discovery of the documents the Government has asserted should not be produced as deliberative privilege. The Special Master is authorized to review the Government's documents *in camera* in order to rule on the Defendant's Motion to Compel discovery of these documents, also through an R&R.

        d.       Rule on the Rule 45 motion referred to this Court from the District of Minnesota.

6.       The Court authorizes the Special Master to utilize the services of an associate if necessary for legal research or review or to assist in the review of documents, under her direct supervision, at a rate not to exceed $350 per hour.

                                **BY THE COURT:**

                                **/s/ Michael M. Baylson**

                                **MICHAEL M. BAYLSON**
                                **United States District Court Judge**

O:\CIVIL 12\12-4239 Polansky v Exec Health Resources\12cv4239 Memorandum and Order for Modification of Procedures.docx